UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

MOLLIE VICTORIA-LEE MCMILLAN, individually and as
Administratrix of the Estate of JOHN WESLEY
MCMILLAN, AKA "JOHN WESLEY MCMILLON,"
Deceased,

                              Plaintiff,

        -against-

PAIGE LONDRIGAN, Individually, ERIC RICH, Individually,
ZACKERY PLUDE, Individually, THOMAS FOUNTAIN,
Individually, KYLE BACKUS, Individually, ROBERT TAGLEY,
Individually, MICHAEL JONES, Individually, SCOTT COOK,
Individually, KYLE BROOKS, Individually, RONNIE AUDETTE,
Individually, MICHAEL ROCK, Individually, and
"JOHN" PRITCHARD, Individually, ROBERT DRAGOON,
Individually, K. DIACOVO, Individually,

                              Defendants.

-------------------------------------------------------------------------------X

**COMPLAINT**

Index No.
    9:22-cv-59 (LEK/CFH)

<u>Jury Trial Demanded</u>

Plaintiff MOLLIE VICTORIA-LEE MCMILLAN, Individually, and as Administratrix of the Estate of JOHN WESLEY MCMILLAN, AKA "JOHN WESLEY MCMILLON" (hereinafter "MCMILLAN"), Deceased, by and through her attorneys, the law firm of Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

<u>**NATURE OF ACTION**</u>

1.     Plaintiff brings this civil action against individual defendant New York State Department of Corrections and Community Supervision (hereinafter "NYSDOCCS") correction officers for, *inter alia*, subjecting her husband, John Wesley McMillan, to cruel and usual punishment, when they used excessive force against him and deliberately disregarded his serious medical needs, and otherwise engaged in acts which violated Mr. McMillan's constitutional rights, The defendants' acts of brutality and callous disregard for Mr. McMillan's life led to Mr.

1

McMillan's death inside the Great Meadow Correctional Facility ("Great Meadow"), located in Comstock, New York.  Ms. McMillan now seeks accountability and redress for her husband's needless death at the hands of those who were sworn and duty bound to protect him, but who instead violated the public trust placed in them to uphold the law and to protect those under their care, custody and control, including Mr. McMillan.

2. At the time of his death, Mr. McMillan was a 67 year old inmate at Great Meadow.

3. Great Meadow is located in Washington County, New York.

4. Great Meadow is known to have a culture of brutality.[1]

5. Data collected by the Correctional Association of New York, a nonprofit group that has the authority under state law to monitor prisons, found that the facility had the highest incident of guards using force against inmates, among the state's maximum-security facilities.

6. As a result of this brutal culture, and of the actions of individually named defendants detailed herein, Mr. McMillan suffered physical injuries, pain and suffering, severe emotional and psychological distress, and ultimately his needless death at the hands of defendants.

## JURISDICTION

7. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Eighth and Fourteenth Amendments to the United States Constitution.

8. Jurisdiction is found upon 28 U.S.C. §§ 1331 and 1343.

## VENUE

9. Venue is properly laid in the Northern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

---

[1] *See e.g.* "The Worst Prison in New York State", The Nation, November 10, 2021 (https://www.thenation.com/article/society/great-meadow/)

**JURY DEMAND**

10.     Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

11.     Mr. McMillan was at all times relevant to this complaint an African American man who was incarcerated at Great Meadow, a maximum security prison in Comstock, New York. He was 67 years old when he died at Great Meadow on January 22, 2019.

12.     MOLLIE VICTORIA-LEE MCMILLAN is Mr. McMillan's wife. On September 1, 2020, the Washington County Surrogate's Court issued Ms. McMillan Letters of Administration, appointing her the Administratrix of the Estate of John McMillan. Said Letters remain in full force and effect, and have not been revoked.

13.     The individually named Defendants, PAIGE LONDRIGAN, ERIC RICH, ZACKERY PLUDE, THOMAS FOUNTAIN, KYLE BACKUS, ROBERT TAGLEY, MICHAEL JONES, SCOTT COOK, KYLE BROOKS, RONNIE AUDETTE, MICHAEL ROCK, "JOHN" PRITCHARD, ROBERT DRAGOON, and K. DIACOVO were duly sworn NYSDOCCS correction officers and supervisors, and were acting under the supervision of said department and according to their official duties and under color of state law.

14.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by NYSDOCCS.

**FACTUAL BACKGROUND**

15.     The claims arose on or about January 22, 2019, at approximately 5:25 p.m., inside of Great Meadow, when defendants PAIGE LONDRIGAN, ERIC RICH, ZACKERY PLUDE, THOMAS FOUNTAIN, KYLE BACKUS, ROBERT TAGLEY, MICHAEL JONES, SCOTT

COOK, KYLE BROOKS, RONNIE AUDETTE, MICHAEL ROCK, "JOHN" PRITCHARD, ROBERT DRAGOON, and K. DIACOVO either directly participated in, supervised, or otherwise failed to intervene in the use of excessive force and deliberate indifference to Mr. McMillan's serious medical needs that resulted in Mr. McMillan's death.

16. At the aforesaid date, time, and location, upon information and belief, Mr. McMillan was returning from dinner in a cafeteria and was asked by defendant LONDRIGAN to return to his cell.

17. Mr. McMillan, who suffered from mental illness including, without limitation, schizophrenia and anxiety, then began to display erratic, though not violent, behavior.

18. Upon information and belief, Mr. McMillan was then punched in the face by defendant LONDRIGAN, and was thereafter taken to the ground and further assaulted by additional defendant correction officers including, without limitation, defendants ERIC RICH, ZACKERY PLUDE, THOMAS FOUNTAIN, KYLE BACKUS, ROBERT TAGLEY, and MICHAEL JONES.

19. After taking Mr. McMillan to the ground, the defendants rolled Mr. McMillan onto his stomach and continued to employ excessive force or to stand by while it was used in their presence. Among other things, defendant officers placed pressure on Mr. McMillan's head, neck and back as they assisted defendant LONDRIGAN in placing Mr. McMillan in handcuffs.

20. According to DOCCS, defendants RICH and LONDRIGAN were involved in the application of body holds and the forcing of Mr. McMillan to the floor.

21. According to DOCCS, defendants RICH, LONDRIGAN and PLUDE were involved in rolling Mr. McMillan on his back.

22. According to DOCCS, defendants BACKUS, JONES and TAGLEY used "body

holds" to "control" Mr. McMillan's lower torso.

23. According to DOCCS, defendant PLUDE used both hands to take control of Mr. McMillan's right arm, forcing it behind his back.

24. According to DOCCS, defendant FOUNTAIN used both hands to hold down Mr. McMillan's left arm, forcing it to the center of his back.

25. According to DOCCS, defendant FOUNTAIN assisted staff in restraining Mr. McMillan's right arm while defendant RICH used both hands to apply "downward" pressure to the right side of Mr. McMillan's face.

26. Inmate witnesses have described observing the correction officers punch, kick, stomp on and choke Mr. McMillan during the incident.

27. After Mr. McMillan was placed in restraints, defendant Sergeant SCOTT COOK ordered the officers to get Mr. McMillan up.

28. Mr. McMillan was unable to stand on his own and was in obvious physical distress, to point where a correction officer present stated that a stretcher was needed after an attempt to move Mr. McMillan was made.

29. Rather than obtaining a stretcher or gurney to transport Mr. McMillan, and in deliberate indifference to his obvious serious medical needs and risks to his health and safety, defendant COOK and, upon information and belief, defendant ROBERT DRAGOON, ordered the continued dragging of Mr. McMillan to the facility hospital via the "strong arm" method, which involved correction officers grabbing him by his underarms, while his hands remained secured in handcuffs behind his back, and dragging his body along the floor while he was face down.

30. During this time, defendant COOK repeatedly yelled at Mr. McMillan to get up and or get on his feet, despite that it was obvious that Mr. McMillan was physically incapacitated,

unable to walk and was in need of immediate emergency medical care.

31. After approximately thirty seconds of being dragged in this manner, upon information and belief, Mr. McMillan lost consciousness, but defendant COOK and, upon information and belief, defendant DRAGOON, nonetheless ordered the continued dragging of Mr. McMillan to the facility hospital by his handcuffed arms.

32. Defendant COOK continued to repeatedly yell at Mr. McMillan to get up on his feet, despite that Mr. McMillan was clearly unconscious.

33. Mr. McMillan was dragged in this unreasonable manner for approximately two minutes by, in turns, defendants KYLE BROOKS, RONNIE AUDETTE, MICHAEL ROCK and "JOHN" PRITCHARD, while defendant K. DIACOVO followed along purportedly documenting the escort with a video camera.  DIACOVO, however, failed to focus the camera on Mr. McMillan and failed to intervene in the unreasonable dragging of Mr. McMillan to the facility hospital, and also otherwise also acted in deliberate disregard to Mr. McMillan's health and safety.

34. Defendants COOK, BROOKS, AUDETTE, ROCK, and PRITCHARD conduct was unreasonable, constituted excessive force, and was in deliberate disregard to Mr. McMillan's serious medical needs and in disregard of an excessive risk to Mr. McMillan's health and safety.

35. Once at the facility hospital, Mr. McMillan, who was unresponsive and bleeding from the face, was placed faced down on a stretcher within the facility hospital, and then rolled semi onto his side, where he remained until a nurse arrived and instructed that 911 be called, that Mr. McMillan needed to be turned fully over, and that an automated external defibrillator (AED) was needed.

36. The AED was placed on Mr. McMillan, and thereafter CPR was administered to Mr. McMillan while waiting for EMS, though Mr. McMillan remained unresponsive throughout

this time.

37.  It took approximately 45 minutes for EMS to arrive at the Facility Hospital, and then approximately 30 to 40 minutes for Mr. McMillan to be transported to Glenn Falls Hospital, where he was pronounced dead at approximately 7:14 p.m.

38.  Medical Examiner Michael Sikirica, M.D. performed an autopsy of Mr. McMillan on January 24, 2019.

39.  The New York State Commission of Correction ("SCOC") is responsible for overseeing all State and local correctional facilities in New York State.  Among other responsibilities, it conducts mortality investigations.

40.  On March 30, 2021, the SCOC issued a final report regarding Mr. McMillan's death.

41.  The SCOC report classified the "Final Determination of Death" as "HOMICIDE" and "Use of Force", and the "Final Cause of Death Was Due to…Homicide – Use of Force".

42.  The SCOC further opined, in relevant part, that a "…several centimeter area of hemorrhage along the right portion of the thyroid cartilage was indicative of compression of Mr. McMillan's neck and thoracic cavity that occurred during the struggle with McMillan and was contributory to his cause of death". [2]

43.  As a remedy for the constitutional violations alleged herein, plaintiff seeks damages for, *inter alia*, physical injuries, severe emotional and psychological distress, fear of impending death, pre-death terror, pain and suffering, and loss of enjoyment of life.

44.  Plaintiff seeks both compensatory and punitive damages, an award of costs, interest

---

[2] The SCOC also found, among other findings, that defendant DIACOVO failed to follow directives by not focusing the video camera he was utilizing to record Mr. McMillan's escort to the facility hospital on Mr. McMillan throughout the entire escort and that defendant COOK had failed to properly monitor Mr. McMillan's condition throughout the escort.

7

and attorneys' fees.

**AS AND FOR A FIRST CAUSE OF ACTION**
(Violation of Eighth and Fourteenth Amendments - 42 U.S.C. § 1983 – Cruel and Unusual Punishment/Excessive Force)

45.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "44" with the same force and effect as if fully set forth herein.

46.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

47.     All of the aforementioned acts deprived Mr. McMillan of the rights, privileges and immunities guaranteed to citizens of the United States by the Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

48.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as correction officers, with the entire actual and/or apparent authority attendant thereto.

49.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as correction officers, pursuant to the customs, usages, practices, procedures, and the rules of the State of New York and DOCCS, all under the supervision of ranking officers of said department.

50.     The level of force employed by defendants was excessive, objectively unreasonable, constituted cruel and unusual punishment, and was otherwise in violation of Mr. McMillan's constitutional rights.

51.     As a result of the aforementioned conduct of defendants, Mr. McMillan sustained physical injuries, resulting in his death, and emotional injuries.

52.     As a result of the foregoing, plaintiff is entitled to compensatory damages in an

amount to be fixed by a jury, and is further entitled to punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Deliberate Indifference to Serious Medical Needs under 42 U.S.C. § 1983)

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "52" with the same force and effect as if fully set forth herein.

54. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that was deliberately indifferent to Mr. McMillan's serious medical needs by disregarding an excessive risk to his health or safety, which is forbidden by the Constitution of the United States.

55. As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983)

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. Defendants had an affirmative duty to intervene on behalf of Mr. McMillan, whose constitutional rights were being violated in their presence by other officers.

58. The defendants failed to intervene to prevent the unlawful conduct described herein.

59. As a result of the foregoing, Mr. McMillan was put in fear of his safety, and subjected to unjustified physical abuse. Mr. McMillan sustained severe physical injuries causing his death.

60. As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983 against the Supervisory Defendants)

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62. Defendants SCOTT COOK and ROBERT DRAGOON, who were at all relevant times supervisors at Great Meadow, personally caused Mr. McMillan's constitutional injury by being deliberately or consciously indifferent to his rights by directly participating in the constitutional violations alleged herein and by failing to properly supervise their subordinate employees.

63. As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)   full and fair compensatory damages in an amount to be determined by a jury:

(B)   punitive damages in an amount to be determined by a jury:

(C)   reasonable attorneys' fees and the costs and disbursements of their action; and

(D)   such other and further relief as appears just and proper.

Dated: New York, New York
       January 21, 2022

                                              BRETT H. KLEIN, ESQ., PLLC
                                              Attorneys for the Plaintiff
                                              305 Broadway, Suite 600
                                              New York, New York 10007
                                              (212) 335-0132

                                  By:   *Brett Klein*
                                              _____
                                              BRETT H. KLEIN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

MOLLIE VICTORIA-LEE MCMILLAN, as
Administrator of the Estate of JOHN WESLEY
MCMILLAN, AKA "JOHN WESLEY MCMILLON,"
Deceased,

                                 Plaintiff,                            Docket No.

      -against-

PAIGE LONDRIGAN, Individually, ERIC RICH, Individually,
ZACKERY PLUDE, Individually, THOMAS FOUNTAIN,
Individually, KYLE BACKUS, Individually, ROBERT TAGLEY,
Individually, MICHAEL JONES, Individually, SCOTT COOK,
Individually, KYLE BROOKS, Individually, RONNIE AUDETTE,
Individually, MICHAEL ROCK, Individually, and
"JOHN" PRITCHARD, Individually, ROBERT DRAGOON,
Individually, K. DIACOVO, Individually,

                                 Defendants.

--------------------------------------------------------------------------------X

**COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132